ALAN NEMSER AND SELMA W. NEMSER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 481-74.    Filed July 27, 1976.

Alan Nemser, pro se.
*Theodore M. David,* for the respondent.

OPINION

FEATHERSTON, *Judge:* Respondent determined a deficiency of $6,782.32 in petitioners' 1968 Federal income tax. The parties have stipulated that the issue for decision is whether petitioner Alan Nemser is a beneficiary succeeding to the property of a trust within the meaning of section 642(h)(2)[1] so as to entitle him to take as a deduction against his personal income his pro rata share of the unused deductions in the terminal year of the trust.

The facts are all stipulated.

Petitioners Alan Nemser and Selma W. Nemser were legal residents of Merrick, N.Y., at the time their petition herein was filed. They timely filed their joint Federal income tax return for

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.

1968 with the District Director of Internal Revenue, Manhattan, N.Y.

During 1968 petitioner Alan Nemser (hereinafter petitioner) was a practicing, self-employed attorney. The present controversy stems from his purchase of an interest in a testamentary trust created by Silas J. Llewellyn, who died a resident of Illinois on September 3, 1925.

Under the terms of the trust created by the will of Silas J. Llewellyn, Mary Isabelle Llewellyn, a granddaughter of the testator, received a remainder interest. The extent of her interest was contingent upon her father's (Paul Llewellyn's) dying without surviving issue other than herself, and her aunt's (Gertrude Stone's) dying without issue.

On March 29, 1946, Mary Isabelle Llewellyn sold, assigned, and transferred to the Fidelity Philadelphia Trust Co., as nominee for Richard Kadish, Irving Poretz, and Aaron Miller (hereinafter the Richard Kadish group), all of her interest in a fractional portion of her interest in the Gertrude Stone portion of the trust. The consideration for the transfer was $31,500, of which $14,000 was paid by Richard Kadish, $14,000 by Irving Poretz, and $3,500 by Aaron Miller. On April 11, 1946, the Fidelity Philadelphia Trust Co. acknowledged that it held the assigned portion of the trust in its name for their benefit, in the following proportions:

| | |
|---|---|
| Richard Kadish | 4/9 |
| Irving Poretz | 4/9 |
| Aaron Miller | 1/9 |

Neither petitioner nor any one of the Richard Kadish group was named as a beneficiary in the will of Silas J. Llewellyn.

On April 17, 1946, Richard Kadish sold and transferred to petitioner 3/14 of his 4/9 interest in Silas J. Llewellyn's trust estate for the sum of $3,000. Petitioner's purchase of the 3/14 interest in the Kadish 4/9 interest was made for investment purposes.

In 1956 both Paul Llewellyn and Gertrude Stone died. He left no issue other than Mary Isabelle Llewellyn, and Gertrude Stone died without issue. Shortly after their deaths the City National Bank & Trust Co., trustee under the will of Silas J. Llewellyn, filed an action in the Superior Court, Cook County, Ill., asking for instructions concerning the disposition of that portion of the

estate which was distributable upon the death of Gertrude Stone. The court was also requested to pass upon the validity of the assignments made by Mary Isabelle Llewellyn of portions of her remainder interest. Petitioner was named as one of the defendants and was described as a person claiming distribution as an assignee of Richard Kadish.

The Appellate Court of the State of Illinois rendered its decision on June 6, 1966, holding that the March 29, 1946, assignment by Mary Isabelle Llewellyn to the Richard Kadish group was valid and enforceable and that, pursuant to the assignment, petitioner, as an assignee of Richard Kadish, was entitled to distribution of his pro rata portion of the trust estate's assets. The fund available for distribution to the Richard Kadish group and their assignees was $725,046.29. During 1968 the Richard Kadish group's share was distributed to the individuals named in the court decree, after first deducting trustee's fees, attorneys' fees, and expenses as allowed by the court for the final year of the trust. Petitioner received as his share stocks having a fair market value of $55,788.16.

The trustee reported that for 1968, the year of the termination of the trust, deductible expenses exceeded income by $134,346.15 for the Richard Kadish group's portion of the trust estate. Of this excess amount petitioner claimed $14,394.12 as a deduction on his 1968 joint Federal income tax return, representing his 10.7142-percent share of the Richard Kadish group's portion of the trust estate. Respondent disallowed the deduction on the ground that petitioner was not a beneficiary of the trust within the meaning of section 642(h)(2).[2]

Petitioner maintains that the term "beneficiaries," as used in section 642(h)(2), should be construed broadly so as to include any person to whom property is distributed from an estate or trust, whether or not that person was designated as a beneficiary under the terms of the testator's will. In support of his position,

---

[2] SEC. 642. SPECIAL RULES FOR CREDITS AND DEDUCTIONS.

(h) UNUSED LOSS CARRYOVERS AND EXCESS DEDUCTIONS ON TERMINATION AVAILABLE TO BENEFICIARIES.—If on the termination of an estate or trust, the estate or trust has—

\* \* \*

(2) for the last taxable year of the estate or trust deductions (other than the deductions allowed under subsections (b) or (c)) in excess of gross income for such year, then such carryover or such excess shall be allowed as a deduction, in accordance with regulations prescribed by the Secretary or his delegate, to the beneficiaries succeeding to the property of the estate or trust.

petitioner relies on section 1.642(h)-3(a), Income Tax Regs., which provides:

The phrase "beneficiaries succeeding to the property of the estate or trust" means those beneficiaries upon termination of the estate or trust who bear the burden of any loss for which a carryover is allowed, or of any excess of deductions over gross income for which a deduction is allowed, under section 642(h).

Petitioner argues that the regulation establishes that if, in the year of termination of a trust, the expenses of the trust exceed the trust's income, section 642(h)(2) allows the excess expenses as deductions to any distributee whose share is diminished by those expenses. We disagree.

The regulation relied upon by petitioner provides no real help in ascertaining the meaning of the term "beneficiaries," as used in section 642(h)(2). In reality this definition begs the question we must decide. It defines "beneficiaries succeeding to the property of the estate or trust" as those beneficiaries who bear the burden of any loss or any excess of deductions over gross income. It does not give any clue as to whether purchasers of interests in an estate or trust are beneficiaries within the meaning of section 642(h)(2).

Section 642(h) was enacted by Congress to allow beneficiaries succeeding to the property of an estate or trust to deduct in the terminal year of the estate or trust unused loss carryovers and expenses in excess of the estate's or trust's income; otherwise, those deductions would be forever lost. H. Rept. No. 1337, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess. 62, A201 (1954); S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. No. 591), 83d Cong., 2d Sess. 83, 343 (1954); see *Charles F. Neave,* 17 T.C. 1237, 1240-1243 (1952), for a discussion of the prior law. The use of the phrase "beneficiaries *succeeding* to the property" (emphasis added) indicates that the section was intended to refer only to recipients of property by gift, bequest, devise, or inheritance under State succession laws. The amount of the property so received by will or inheritance under State law is not includable in gross income by virtue of section 102[3] but is

---

[3] SEC. 102. GIFTS AND INHERITANCES.

(a) GENERAL RULE.—Gross income does not include the value of property acquired by gift, devise, or inheritance.

(b) INCOME.—Subsection (a) shall not exclude from gross income—

(1) the income from any property referred to in subsection (a); or

(2) where the gift, bequest, devise, or inheritance is of income from property, the

reduced by losses and expenses incurred by the estate. Thus, without section 642(h)(2), the distribution to the beneficiaries succeeding to the property would be decreased, but they would receive no deduction for the amount of such decrease.

By entering the transaction with Mary Isabelle Llewellyn, however, the Richard Kadish group acquired nothing by bequest, devise, or inheritance. Whatever that group acquired was by purchase, and what they purchased was a fractional portion of the trust principal remaining after the losses and administration expenses of the trust had been taken into account. They acquired no income rights. It is stipulated that Mary Isabelle Llewellyn "sold, assigned and transferred" to the nominee of the Richard Kadish group (of which petitioner was an assignee) "her right, title and interest in and to ¾ of the share, right, title and interest in and to the *corpus* of the estate of Silas J. Llewellyn, *which would become payable to her* in the event that her aunt, Gertrude Stone, should die without issue surviving." (Emphasis added.) None of the corpus of the trust would "become payable" to Mary Isabelle Llewellyn until after the expenses of its administration and liquidation had been paid. Petitioner, therefore, did not bear the burden of any of those expenses. As a purchaser of a portion of the trust estate remaining after the expenses were paid, he was in no sense a beneficiary succeeding to the property of the trust.

In *Greggar P. Sletteland,* 43 T.C. 602 (1965), this Court rejected the notion that the term "beneficiaries," as used in section 642(h), includes purchasers of interests in estates or trusts. In that case a taxpayer acquired an interest in an estate in consideration of legal services rendered to a client. This Court concluded (pp. 609-610) that the taxpayer "acquired the claims property, not in the capacity of a beneficiary of an estate, but rather as an attorney for services rendered to a client" and was not entitled to a deduction for the estate's expenses over gross income in the estate's terminal year. We also said at page 610:

---

amount of such income.
Where, under the terms of the gift, bequest, devise, or inheritance, the payment, crediting, or distribution thereof is to be made at intervals, then, to the extent that it is paid or credited or to be distributed out of income from property, it shall be treated for purposes of paragraph (2) as a gift, bequest, devise, or inheritance of income from property. Any amount included in the gross income of a beneficiary under subchapter J shall be treated for purposes of paragraph (2) as a gift, bequest, devise, or inheritance of income from property.

it seems evident that the underlying purpose of section 642(h) was to afford some measure of relief to heirs and those designated as takers under a decedent's will, who take diminished interests in a decedent's property as the result of the incurrence of expenses and losses by the estate. * * *

We adhere to the *Sletteland* opinion.

To reflect the foregoing,

*Decision will be entered for the respondent.*